UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| ROBERT LEE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 1:16CV46 ACL |
|  | ) |  |
| NINA HILL, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Robert Lee for extension of time to pay the initial partial filing fee. (Docket No. 11/filed October 11, 2016). Because plaintiff paid the initial partial filing fee on October 17, 2016, the Court will deny the motion as moot. In addition, for the reasons stated below, the Court will: (1) dismiss plaintiff's claims against Corizon and the Missouri Department of Corrections; (2) dismiss plaintiff's official-capacity claims against the individual defendants; and (3) direct the Clerk of Court to issue process on the amended complaint as to plaintiff's Eighth Amendment claims against the individual defendants in their individual capacities.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of

vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D. N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

### The Amended Complaint

In his amended complaint, plaintiff alleges that the defendants violated his Eighth Amendment rights in connection with his medical care and a medication that was prescribed for and given to him from May 2014 to August 20, 2014. Plaintiff sues all defendants in their official and individual capacities.

2

## Discussion

The Court first addresses the amended complaint as it pertains to defendant Corizon. Corizon can be held liable in a lawsuit such as this only for its unconstitutional policies or practices. It cannot be held liable for the actions of its employees under a theory that employers are responsible for the actions of their employees. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1044 (8th Cir. 2002). In other words, Corizon is liable here only if it had a "policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). Here, because the amended complaint fails to allege that Corizon had a policy, custom, or official action that inflicted an actionable injury, it fails to state a claim against Corizon.

The amended complaint also fails to state a claim against the Missouri Department of Corrections because that entity is not subject to suit under § 1983. *E.g., Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991) (an agency exercising state power is not a "person" subject to a suit under § 1983).

Regarding plaintiff's claims against individual defendants Wallace, Stange, Reed, and Beggs, employed by the Missouri Department of Corrections, the Court notes that plaintiff sues them in both their official and individual capacities. Naming an official in his or her official capacity is the equivalent of naming the entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Bankhead v. Knickrehm*, 360 F.3d 839, 844 (8th Cir. 2004). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will*, 491 U.S. at 71. The amended complaint therefore fails to state a claim against defendants Wallace, Stange, Reed, and Beggs in their official capacities.

Regarding plaintiff's official-capacity claims against individual defendants Hill, Aufield, Randolph, Renshaw, Birch, Moeller, Gasaway, and Babich, employed by Corizon, plaintiff fails to allege that a policy or custom of their employer is responsible for the alleged violations of his constitutional rights. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The amended complaint therefore fails to state a claim upon which relief can be granted against them in their official capacities.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for extension of time to pay the filing fee (Docket No. 11) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that defendant Corizon Medical Services is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that defendant Missouri Department of Corrections is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that the official capacity claims against defendants Hill, Aufield, Randolph, Renshaw, Birch, Moeller, Gasaway, Babich, Wallace, Stange, Reed, and Beggs are **DISMISSED**.

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue upon the amended complaint, pursuant to the service agreement the Court maintains with Corizon, as to defendants Hill, Aufield, Randolph, Renshaw, Birch, Moeller, Gasaway, and Babich in their individual capacities.

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue upon the amended complaint, pursuant to the service agreement the Court maintains with the

Missouri Attorney General's Office, as to defendants Wallace, Stange, Reed, and Beggs in their individual capacities.

**IT IS FURTHER ORDERED** that, in their individual capacities, defendants Hill, Aufield, Randolph, Renshaw, Birch, Moeller, Gasaway, Babich, Wallace, Stange, Reed, and Beggs shall reply to the amended complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 7th day of November, 2016.

*Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE