UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| ROBERT LEE, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 1:16-cv-46-ACL |
| NINA HILL, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon Defendants Regina Beggs, Paula Reed, Bill Stange and Ian Wallace's Motion to Dismiss (Docket No. 20). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

### I. Background

Plaintiff is an inmate at the Southeast Correctional Center ("SECC"). Defendants Beggs, Reed, Stange and Wallace (collectively "defendants") are employees of the Missouri Department of Corrections ("MDOC"). Plaintiff has also named eight additional defendants who are employees of Corizon, LLC, including Nina Hill and Linda Ahlfield.

In the amended complaint, plaintiff alleges that Hill prescribed him a medication even though he was allergic to it, and that he suffered reactions including swelling of the tongue and trouble breathing and swallowing. Plaintiff alleges that Ahlfield refused to give him medical treatment, and also that she required him to take the medication, threatening him with conduct violations and restrictive housing if he complained.

Plaintiff alleges that Beggs, Reed, Stange and Wallace violated his Eighth Amendment right to be free from cruel and unusual punishment in that they were deliberately indifferent to his serious medical needs, and failed to give him adequate medical treatment. Plaintiff also alleges that defendants failed to take reasonable measures to prevent him being prescribed the wrong medicine, and that they condoned and ignored Hill and Ahlfield's conduct. Plaintiff also alleges that defendants conspired to alter medical records to make it appear that the matter had been properly addressed. He seeks monetary damages.

In support of the instant motion, defendants argue that plaintiff's allegations against them should be dismissed because they are wholly conclusory. Plaintiff has not responded to the motion, and the time for doing so has passed. Defendants' motion is well taken, and plaintiff's claims against Beggs, Reed, Stange and Wallace will be dismissed.

## II. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The motion to dismiss standard is different from the frivolity review standard under 28 U.S.C. § 1915(e)(2)(B), and dismissal for failure to state a claim does not invariably mean that the claim lacked arguable merit. *Id.* at 329. "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not." *Id. at 328.*

When ruling on a motion to dismiss, the Court must assume that all of the factual allegations in the complaint are true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and draw all reasonable inferences in favor of the non-moving party. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009). The Court disregards legal conclusions, and

reviews the factual allegations for facial plausibility. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 677. To survive a Rule 12(b)(6) motion to dismiss, "a civil rights complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (*en banc*).

### III. Discussion

Plaintiff alleges that defendants were deliberately indifferent to his serious medical needs and denied him adequate medical treatment in violation of the Eighth Amendment. Defendants argue that plaintiff's allegations are merely conclusory and therefore fail to state a claim. The Court agrees. The Eighth Amendment protects plaintiff from a confinement that involves cruel and unusual punishment through deliberate indifference to his serious medical needs. Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). To state a claim of deliberate indifference, a plaintiff must establish that he suffered from an objectively serious medical need, and that defendants actually knew of but deliberately disregarded a serious risk to his health. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). A "serious medical need" is "one that has been diagnosed by a physician requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011).

Here, as defendants correctly argue, plaintiff sets forth his claims of Eighth Amendment violation in merely conclusory terms. He alleges no specific facts tending to show that Beggs, Reed, Stange and Wallace actually knew of any serious medical need, and he alleges no facts

3

describing the manner in which they interfered with or denied him access to treatment. The Court therefore determines that plaintiff's allegations lack the factual enhancement required by the Supreme Court, and therefore fail to state a claim as a matter of law. *Ashcroft*, 556 U.S. at 676; *Twombly*, 550 U.S. at 555. Plaintiff also fails to allege how each defendant was directly involved in or personally responsible for any alleged violation of his constitutional rights; instead, he refers to the defendants collectively and states they violated his rights. The Court therefore concludes that plaintiff fails to state a claim of an Eighth Amendment violation against these defendants. *See Ashcroft*, 556 U.S. at 667; *see also Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights"); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights).

To the extent plaintiff can be understood to allege that defendants failed to intervene, such claims will be dismissed because the Eighth Circuit has recognized a duty to intervene only in the context of excessive use of force. *See Hess v. Ables*, 714 F.3d 1048, 1052 (8th Cir. 2013). In addition, these prison official defendants cannot substitute their judgment for a medical professional's prescription, *Meloy v. Bachmeier*, 302 F.3d 845, 849 (8th Cir. 2002), and cannot be held liable for the medical staff's diagnostic decisions. *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) (citing *Crooks v. Nix*, 872 F.2d 800, 803 (8th Cir. 1989)).

Plaintiff also alleges that defendants conspired to alter his medical records to make it appear that the medical staff immediately addressed and resolved his issue. In order to establish a § 1983 civil conspiracy claim, a plaintiff must show: 1) two or more individuals; 2) an object to be accomplished; 3) a meeting of the minds as to the object or course of action to pursue; 4) the

commission of one or more unlawful overt acts; and 5) damages proximately resulting from the conspiracy. *Livers v. Schenck*, 700 F.3d 340, 360–61 (8th Cir. 2012). In the case at bar, plaintiff merely states in conclusory fashion that defendants engaged in a conspiracy without offering factual support. As defendants correctly argue, such allegations are insufficient to state a claim. *See Ashcroft*, 556 U.S. at 678. Plaintiff's allegations of conspiracy against Beggs, Reed, Stange and Wallace will therefore be dismissed.

Finally, the Court agrees that defendants are entitled to qualified immunity. Qualified immunity protects officials who acted in an objectively reasonable manner, shielding them from liability when their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would not have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To determine whether a defendant is entitled to qualified immunity, courts consider: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and if so (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). If a reasonable fact finder could answer both questions in the affirmative, the defendant is entitled to qualified immunity. *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009). Qualified immunity is a question of law, *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005), and issues concerning it are therefore appropriately resolved before trial. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."). In the case at bar, because plaintiff cannot demonstrate that Beggs,

Reed, Stange and Walllace violated any constitutional or federal statutory right, they are entitled to qualified immunity on plaintiff's claims.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Regina Beggs, Paula Reed, Bill Stange and Ian Wallace's Motion to Dismiss (Docket No. 20) is **GRANTED.**

**IT IS FURTHER ORDERED** that defendants Regina Beggs, Paula Reed, Bill Stange and Ian Wallace are **DISMISSED** from this action. An order of dismissal will be filed separately.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

Dated this 21st day of March, 2017.

ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE