# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| ROBERT LEE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:16-cv-46-ACL |
| NINA HILL, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the Motion to Dismiss filed by defendants Nina Hill, Linda Ahlfield, Kimberly Randolph, Kimberly Birch, Stormi Moeller, Billie Jo Gasaway, Glen Babich, and Todd Renshaw. (Docket No. 25). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

## I. Background

Plaintiff is an inmate at the Southeast Correctional Center ("SECC"). Defendants Hill, Ahlfield, Randolph, Birch, Moeller, Gasaway, Babich and Renshaw are employees of Corizon, LLC. In the amended complaint, plaintiff alleges that Hill prescribed him a medication even though he was allergic to it, and that he suffered an allergic response including swelling of the tongue, and trouble breathing and swallowing. Plaintiff alleges that Ahlfield refused him medical treatment and required him to take the medication, threatening him with conduct violations and placement in restrictive housing for complaining. Plaintiff alleges that Randolph, Renshaw, Birch, Gasaway, Babich, and Moeller failed to take reasonable measures to correct the problem, and conspired to alter his medical records. He seeks monetary damages.

In support of the instant motion, Randolph, Renshaw, Birch, Gasaway, Babich, and Moeller argue that plaintiff's allegations against them are vague and conclusory and therefore fail to state a claim as a matter of law. Hill and Ahlfield argue that plaintiff's allegations against them do not amount to deliberate indifference. Plaintiff has not responded to the motion, and the time for doing so has passed. The motion is well taken.

## II. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The motion to dismiss standard is different from the frivolity review standard under 28 U.S.C. § 1915(e)(2)(B), and dismissal for failure to state a claim does not invariably mean that the claim lacked arguable merit. *Id.* at 329. When ruling on a motion to dismiss, the Court must assume that all of the factual allegations in the complaint are true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and draw all reasonable inferences in favor of the non-moving party. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009). The Court disregards legal conclusions, and reviews the factual allegations for facial plausibility. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 677. To survive a Rule 12(b)(6) motion to dismiss, "a civil rights complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (*en banc*).

## III. Discussion

### A. Defendants Randolph, Renshaw, Birch, Gasaway, Babich, and Moeller

Plaintiff alleges that Randolph, Renshaw, Birch, Gasaway, Babich, and Moeller (also "defendants") were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment. Defendants argue that plaintiff's allegations are vague and conclusory and therefore fail to state a claim. The Court agrees. The Eighth Amendment protects plaintiff from a confinement that involves cruel and unusual punishment through deliberate indifference to his serious medical needs. To state a claim of deliberate indifference, a plaintiff must establish that he suffered from an objectively serious medical need, and that defendants actually knew of the need yet deliberately disregarded it. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). A "serious medical need" is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011).

Here, as defendants correctly argue, plaintiff sets forth his claims of Eighth Amendment violation in merely conclusory terms. He alleges no specific facts tending to show that defendants actually knew of any serious medical need, and he alleges no facts describing the manner in which defendants interfered with or denied him access to treatment. As defendants correctly argue, plaintiff's conclusory allegations lack the factual enhancement required by the Supreme Court. Giving plaintiff's allegations against defendants the benefit of a liberal construction and drawing all reasonable inferences in plaintiff's favor, the Court concludes that plaintiff alleges nothing more than a "mere possibility of misconduct," and therefore fails to demonstrate a plausible claim for relief. *Id.* at 679. Plaintiff's Eighth Amendment claims against Randolph, Renshaw, Birch, Gasaway, Babich, and Moeller will therefore be dismissed.

Plaintiff also fails to allege how each defendant was directly involved in or personally responsible for any alleged violation of his constitutional rights. Instead, he refers to defendants

3

collectively and states, in conclusory fashion, that they violated his rights. The Court therefore concludes that plaintiff's claim is not cognizable under § 1983. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights"); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights). In addition, to the extent plaintiff can be understood to allege that defendants failed to intervene, such claims will be dismissed. The Eighth Circuit has recognized a duty to intervene only in the context of the use of excessive force. *See Hess v. Ables*, 714 F.3d 1048, 1052 (8th Cir. 2013).

Plaintiff also alleges that Randolph, Renshaw, Birch, Gasaway, Babich, and Moeller conspired to alter his medical records to make it appear that medical staff immediately addressed and resolved his issue. In order to establish a § 1983 civil conspiracy claim, a plaintiff must show: 1) two or more individuals; 2) an object to be accomplished; 3) a meeting of the minds as to the object or course of action to pursue; 4) the commission of one or more unlawful overt acts; and 5) damages proximately resulting from the conspiracy. *Livers v. Schenck*, 700 F.3d 340, 360–61 (8th Cir. 2012). In the case at bar, plaintiff's allegations that defendants engaged in a conspiracy to alter his medical records are conclusory at best. *See Iqbal*, 556 U.S. at 678 (to state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements"). Giving plaintiff's allegations against defendants the benefit of a liberal construction, and drawing all reasonable inferences in plaintiff's favor, the Court concludes that plaintiff alleges nothing more than a "mere possibility of misconduct," and therefore fails to demonstrate a plausible

4

claim for relief. *Id.* at 679. Plaintiff's conspiracy claims against Randolph, Renshaw, Birch, Gasaway, Babich, and Moeller will therefore be dismissed.

### B.     Defendants Hill and Aufield

Plaintiff alleges that defendant Hill prescribed him a medication even though he was allergic to it. Plaintiff alleges that Ahlfield required plaintiff to take the medication, and refused to give him medical treatment when he complained. In the instant motion, Hill and Ahlfield argue that, even taking these allegations as true, plaintiff cannot establish a constitutional violation because their actions amount to mere medical malpractice or negligence. The Court agrees.

Medical malpractice and negligence do not amount to deliberate indifference in violation of the Eighth Amendment "merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). An inmate must demonstrate that a prison medical treatment provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Dulany*, 132 F.3d at 1240–41. In the case at bar, plaintiff's allegations, at most, establish that Hill and Ahlfield knew or should have known plaintiff was allergic to the medication, and were negligent by prescribing it and requiring plaintiff to take it. This is tantamount to a showing of medical malpractice or negligence, not deliberate indifference. *See Fourte v. Faulkner County, Ark.*, 746 F.3d 384, 389 (8th Cir. 2014). To establish a claim of deliberate indifference, a plaintiff must show "more than negligence, more even than gross negligence." *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (*quoting Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)). "Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 499 (8th Cir. 2008); *see also Smith v. Clarke*, 458

F.3d 720, 724 (8th Cir. 2006) (malpractice alone is not actionable under the Eighth Amendment); *Long v. Nix*, 86 F.3d 761, 765 (8th Cir.1996) (prisoners "do not have a constitutional right to any particular type of treatment" and "nothing in the Eighth Amendment prevents prison doctors from exercising their independent medical judgment."). In addition, plaintiff's allegations that Ahlfield refused to provide medical treatment also fail because, by plaintiff's own admission, he was receiving medical treatment. The fact that he was dissatisfied with the course of such treatment, or even that the treatment provided amounted to medical malpractice, does not establish a constitutional violation. *Jolly*, 205 F.3d at 1096 ("mere disagreement with treatment decisions does not rise to the level of a constitutional violation"); *Smith*, 458 F.3d at 724 (malpractice alone is not actionable under the Eighth Amendment).

Finally, the Court agrees that Randolph, Renshaw, Birch, Gasaway, Babich, Moeller, Hill and Ahlfield are entitled to qualified immunity. Qualified immunity protects officials who acted in an objectively reasonable manner, shielding them from liability when their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would not have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To determine whether a defendant is entitled to qualified immunity, courts consider: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and if so (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). If a reasonable fact finder could answer both questions in the affirmative, the defendant is entitled to qualified immunity. *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009). Qualified immunity is a question of law, *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005), and issues

6

concerning it are therefore appropriately resolved before trial. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."). In the case at bar, because plaintiff cannot demonstrate that Randolph, Renshaw, Birch, Gasaway, Babich, Moeller, Hill and Ahlfield violated any constitutional or federal statutory right, they are entitled to qualified immunity on plaintiff's claims.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by defendants Nina Hill, Linda Ahlfield, Kimberly Randolph, Kimberly Birch, Stormi Moeller, Billie Jo Gasaway, Glen Babich, and Todd Renshaw (Docket No. 25) is **GRANTED.**

**IT IS FURTHER ORDERED** that defendants Nina Hill, Linda Ahlfield, Kimberly Randolph, Kimberly Birch, Stormi Moeller, Billie Jo Gasaway, Glen Babich, and Todd Renshaw are **DISMISSED** from this action. An order of dismissal will be filed separately.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

Dated this 21st day of March, 2017.

_____
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE